# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-05-00751-CR

**George Stephen Owen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 05-381-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

George Stephen Owen appeals from a conviction by a jury of possession of certain chemicals with intent to manufacture a controlled substance, to wit, methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003), § 481.124 (West Supp. 2006). With the application of penalty paragraphs for prior felony offenses to which appellant pleaded true, appellant was sentenced as an habitual felony offender. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2006). In two issues, appellant complains that the trial court erred in admitting photographs of his tattoos and in overruling his motion for mistrial. For the reasons that follow, we affirm the judgment of conviction.

## BACKGROUND

The facts relevant to the issues raised are undisputed. At trial, the facts showed that on February 3, 2005, officers of the Round Rock Police Department began an investigation based

upon information of narcotics activity at a local motel. Entering the motel room in the early morning hours of February 4, they encountered appellant and several other people in the room. After detaining the individuals and securing the room, the officers began their search.

Police officer Jeff Spencer testified that he observed a backpack sitting on a chair. He held it up and asked if it belonged to anybody in the room. Appellant claimed the backpack as his own. Inside the backpack were syringes, a metal spoon, cigarette lighters, a spiral notebook, an eyeglasses case, a knife, and a plastic baggie containing approximately 120 white tablets. The tablets were later tested and determined to contain pseudoephedrine, a chemical precursor to methamphetamine. Police officers also recovered a butane canister and a mini-torch inside the motel room.

Officers recovered other paraphernalia and pieces of paper containing instructions for making methamphetamine from appellant's girlfriend. Appellant was arrested and indicted for the offense of possession or transport of certain chemicals with the intent to manufacture a controlled substance, to wit, methamphetamine.

**DISCUSSION**

In his first issue, appellant contends that the trial court erred in the admission of evidence that was not relevant. Specifically, he complains that two photographs showing appellant's tattoos were not relevant and, in any event, that the probative value of the photographs was substantially outweighed by the danger of unfair prejudice. The State responds that the evidence was relevant because the State was required to show possession of the items in the backpack and the

admission of the photographs tended to increase the probability that appellant was connected to the backpack and the various items in the backpack.

In identifying the backpack, Officer Spencer testified that the backpack contained "several SS markings on it." Appellant did not object to the introduction of the backpack or the testimony about the distinctive markings. The "SS" symbol also appeared on a notebook, the eyeglasses case, and the knife, all of which were introduced without objection. The name "Bubba" was also printed on the notebook.

The State also offered into evidence photographs of appellant on the date of his arrest. Appellant did not object to the admission of a photograph showing appellant wearing a t-shirt depicting a skull with a missing eye socket surrounded by flames, but objected to two photographs showing appellant's tattoos of a double lightning bolt or "SS", a cow skull and various distorted human faces, and the names "Owen" and "Bubba." Appellant objected that the photographs were not relevant because the jury had already heard testimony that appellant admitted ownership of the backpack shortly after it was recovered inside the motel room, and the testimony served no further purpose. The State urged that the tattoos on appellant's body contained distinctive markings that tied appellant to the notebook and the backpack and were relevant to the element of possession. The trial court admitted the photographs into evidence.

When reviewing a trial court's ruling on the admission of evidence, an appellate court applies an abuse of discretion standard of review. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). A trial court has considerable discretion in deciding whether to admit photographs into evidence. *Huffman v. State*, 746 S.W.2d 212, 222

3

(Tex. Crim. App. 1988).  A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.  *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).

We first consider whether the evidence is relevant.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Tex. R. Evid. 401.

We agree with the State that the two photographs were relevant to show a connection between appellant and the backpack evidence, and admissible on the element of possession, which the State was required to prove.  The evidence also served to corroborate Officer Spencer's testimony regarding appellant's acknowledgment that the backpack was "his."  The jury may have disbelieved the officer's testimony, but still found the requisite connection or link between appellant and the backpack evidence.  The State is not required to elect a single item of evidence to prove a particular fact.

The question remains whether the evidence was inadmissible because the probative value of the photographs was substantially outweighed by the danger of unfair prejudice.  *See* Tex. R. Evid. 403; *see also Barnes v. State*, 876 S.W.2d 316, 326 (Tex. Crim. App. 1994).  Appellant argues on appeal that the photographs were unfairly prejudicial because they "served to inflame and prejudice the jury by depicting appellant as a depraved individual with connections/loyalties to the Nazi Party."  But appellant did not make that argument at trial and, other than the connection between appellant and the items of evidence, the State did not seek to link appellant to any white supremacist group.

4

When a defendant objects to the admission of evidence under Texas Rule of Evidence 403, the trial court is required to weigh the probative value of the evidence against any danger of unfair prejudice. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Only when the probative value of the evidence is substantially outweighed by the potential for unfair prejudice should the evidence be excluded, and relevant evidence carries a presumption that it is more probative than prejudicial. *Id*. Generally, a photograph is admissible if verbal testimony describing the subject of a photograph is relevant and admissible. *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997); *Dusek v. State*, 978 S.W.2d 129, 136 (Tex. App.—Austin 1998, pet. ref'd).

The trial court elicited from defense counsel that the objection was based on rule 403. The trial court considered and then overruled the objection. Based on the trial court's consideration of the evidence, the objection, and the argument of counsel, we cannot say the trial court abused its discretion is finding the exhibits relevant and admissible. We overrule appellant's first issue.

In his second issue, appellant urges that the trial court erred in denying a mistrial when another police officer made a reference to the Aryan Brotherhood in his testimony. Because the effect of the officer's testimony was to tie appellant to the Aryan Brotherhood, a white supremacist group, appellant contends that this testimony, coupled with the exhibits showing the SS symbols, was so prejudicial that the error could not be cured by the trial court's instruction to disregard. We disagree.

A trial court's ruling on a motion for mistrial is subject to the abuse of discretion standard of review. *Russeau v. State*, 171 S.W.3d 871, 885 (Tex. Crim. App. 2005). An appellate court will not disturb the ruling as long as it is within the zone of reasonable disagreement.

*Montgomery*, 810 S.W.2d at 391. The general rule is that a trial court's instruction to disregard will be sufficient to cure any prejudice caused by a witness's non-responsive answer. *Russeau*, 171 S.W.3d at 885; *Whitaker v. State*, 977 S.W.2d 595, 600 (Tex. Crim. App. 1998) (instruction to disregard sufficient to cure non-responsive testimony by witness that defendant had assaulted her); *Delgado v. State*, 986 S.W.2d 306, 309 (Tex. App.—Austin 1999, no pet.) (instruction to disregard sufficient to cure non-responsive testimony that defendant had previously been to prison). The jury is presumed to have followed the trial court's instruction to disregard the improper testimony. *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

When the State asked the officer about the pocket knife that was later admitted into evidence, the State asked if there were any unique markings on the knife. After the officer responded yes, the prosecutor asked what they were. The officer responded, "Those are consistent with tattoos you find. They're lightning bolts that go side by side. They're consistent with—you find Arian [sic] Brotherhood." Defense counsel then objected, moved to strike the response, asked the trial court for an instruction, and moved for a mistrial. The trial court sustained the objection, instructed the jury to disregard the testimony, and denied the motion for mistrial. Defense counsel did not object when the prosecutor then asked whether the markings were consistent with those found on the backpack and the items in the backpack

Nothing in the record suggests that the State deliberately sought to elicit inappropriate testimony that the tattoos were gang-related, and there were no further references to the subject. The officers did not mention appellant's prior record, that he had been to prison, or testify that he was a member of a gang. Rather, the testimony adduced served the evidentiary purpose of linking

6

appellant with the backpack evidence.  Based upon the prompt instruction to disregard and the presumption that the jury follows the instruction, the record in this cause gives us no reason to deviate from the general rule.

We cannot say that the trial court abused its discretion in overruling the motion for a mistrial.  We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   June 27, 2007

Do Not Publish

7